CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 1 2 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONNA GAIL YATES, et al., | ) | |
| | ) | Civil Action No. 7:14-CV-00144 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SYLVAIN TURCOTTE, et al., | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | Chief United States District Judge |

This case arises from a car accident that occurred in Carroll County, Virginia. The matter is currently before the court on two motions to dismiss filed by Defendant William K. Nemier, Docket No. 16, and Defendants Sylvain Turcotte and Transport Bizz, Inc., Docket No. 30. Also before the court is a motion for leave to amend the complaint filed by the plaintiffs, Docket No. 56. For the following reasons, the court will grant the plaintiffs leave to amend and will deny the defendants' motions to dismiss.

### Factual and Procedural Background

Donna Gail Yates, the mother of William Mark Sosebee, and Jarrod B. Smith jointly filed this diversity action on March 31, 2014. In the original complaint, the plaintiffs allege that Smith, a North Carolina citizen, was driving on Interstate 77 in Carroll County, Virginia on March 31, 2013. Compl. ¶ 4, Docket No. 1. Sosebee, a Kentucky citizen, was a passenger in Smith's car. Id. The complaint alleges that Smith stopped on I-77 due to traffic and road conditions, and that his car was struck from behind by three tractor-trailers. Id. at ¶ 7-8. Smith was "severely injured" in the accident, and Sosebee was killed. Id. at ¶ 8. Yates, also a Kentucky citizen, was appointed administratrix of her son's estate in Kentucky on April 9, 2013. Id. at ¶ 1.

The plaintiffs filed this negligence action against the truck drivers who allegedly struck Smith's vehicle, as well as their employers. Sylvain Turcotte, a citizen of Quebec, Canada, was

employed by Defendant Transport Bizz, a Canadian corporation, at the time of the accident. Id. at ¶ 5. Defendant William Nemier, a New York citizen, "was driving his tractor-trailer" when the accident occurred.[1] Id. In the original complaint, Yates seeks $15 million for Sosebee's pain and suffering prior to his death, as well as for his lost earnings and other damages. Id. Smith, a North Carolina citizen, seeks $1 million for pain and suffering, medical expenses, lost earnings, and other damages. Id.

On June 18, 2014, Nemier filed a motion to dismiss Yates's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Docket No. 16. Nemier argues that Yates lacks standing, because she failed to qualify as the personal representative of Sosebee's estate in Virginia prior to filing the complaint. Nemier also argues that the court should dismiss Yates's demand for compensation for Sosebee's pain and suffering pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because those damages are not recoverable under Virginia's wrongful death statute, Va. Code § 8.01-50 et seq., which provides Yates's sole remedy here. See Docket No. 16 at 3. On August 6, 2014, Turcotte and Transport Bizz filed a similar motion to dismiss arguing that Yates lacks standing in this court.[2] Docket No. 30. None of the defendants challenge Smith's standing or the sufficiency of the original complaint as filed by him.

The plaintiffs initially responded by arguing that Yates was "in the process of being appointed [as Sosebee's personal representative] in...Virginia." Docket No. 23 at 1. They later filed documents showing that Yates qualified as personal representative of Sosebee's estate in

---

[1] Defendant Carl Alvin McCormick, a South Carolina citizen, was employed by Defendant United Parcel Services, Inc., an Illinois corporation, at the time of the accident. These defendants have not filed a motion to dismiss the original complaint.

[2] Defendants Turcotte and Transport Bizz also filed a third party complaint, Docket No. 33, which seeks contribution under Virginia Code § 8.01-34 from other truck drivers who were also allegedly involved in the accident. Id. at ¶ 26. These third party defendants are not affected by the pending motions.

2

Carroll County, Virginia on August 7, 2014. See Docket No. 35-1. The plaintiffs subsequently filed a motion seeking leave to amend the complaint. In the amended complaint, Yates alleges that she is qualified as a personal representative in Virginia and asserts a claim under Virginia's wrongful death statute. See Docket No. 56. The court held a hearing on the defendants' motions to dismiss and the plaintiffs' motion for leave to amend on December 9, 2014. This matter has been fully briefed and is now ripe for review.

## Discussion

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal based upon lack of subject matter jurisdiction. "The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). To determine its jurisdiction, "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Velasco v. Gov't of Indon., 370 F.3d 392, 398 (4th Cir. 2004). When a plaintiff lacks standing to sue, dismissal under Rule 12(b)(1) is appropriate. See CGM, LLC v. BellSouth Communications, Inc., 664 F.3d 46, 52-53 (4th Cir. 2011).

Virginia law controls whether a personal representative has standing to file suit in this court. See Fed. R. Civ. P. 17(b)(3). Under Virginia law, a non-resident must qualify as a personal representative in Virginia in order to have standing to file suit in Virginia. See Harmon v. Sadjadi, 639 S.E.2d 294, 299 (Va. 2007). Without standing, "a party's legal proceeding [is] of no legal effect." Id. at 301. A wrongful death suit filed by a foreign administrator who has not qualified in Virginia is thus "a legal nullity." Id. at 299; see Schieszler v. Ferrum College, 236 F. Supp.2d 602, 613 (W.D. Va. 2002).

3

In this case, Yates, a foreign administrator, had not yet qualified as Sosebee's personal representative in Virginia when the plaintiffs initiated this lawsuit. Yates therefore lacked standing to sue in this court. Had she filed this lawsuit alone, the court would be constrained to dismiss her complaint without considering her motion to amend. See Johnston Mem. Hosp. v. Bazemore, 672 S.E.2d 858, 860-61 (Va. 2009) (holding that a personal representative who failed to qualify in Virginia before filing a wrongful death action could not nonsuit her claim, as "no legal proceeding [was] pending" to be nonsuited); Whitt v. Com., 739 S.E.2d 254, 268 (Va. Ct. App. 2013) ("[A]n attempt to amend a pleading presupposes a valid instrument as an object. Because the [pleading] was invalid, there was nothing to amend.") (internal citations omitted).

Yates is not the only plaintiff in this case, however. As the defendants have noted, Smith has standing and his complaint is not subject to dismissal here. The court must therefore consider his motion seeking leave to amend the complaint. Rule 15 of the Federal Rules of Civil Procedure directs courts to "freely give leave [to amend] when justice so requires." Id. See Foman v. Davis, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986) ("[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.").

The court finds no reason to deny Smith leave to amend here. There is no evidence that the motion seeking leave to amend was made in bad faith, or that the defendants will be prejudiced by the amendment. The amended complaint, in turn, properly joins Yates as co-plaintiff in this action. See Fed. R. Civ. P. 20(a) (stating that plaintiffs may be joined in one action if their claims arise from the same transaction or occurrence and any common question of law or fact will arise in the

4

action).  In the amended complaint, Yates alleges that she qualifies as a personal representative of Sosebee's estate in Virginia and states a claim for relief under Virginia's wrongful death statute. See Docket No. 56 at 4, 7-8.  Because the amended complaint remedies the concerns raised by the defendants' motions to dismiss, those motions will be denied.

## Conclusion

For the reasons stated, the plaintiffs' motion for leave to file an amended complaint, Docket No. 56, will be granted.  The defendants' motions to dismiss, Dockets No. 16 and 30, will be denied. The Clerk is directed to docket the amended complaint in this matter, Docket No. 56, and to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This __12th__ day of December, 2014.

_____
Chief United States District Judge